LOTTINGER, Judge.
This is a suit on an open account wherein the defendant reconvened claiming the plaintiff converted the defendant’s property, and the defendant is due a setoff against the open account as well as damages. The Trial Court found in favor of the plaintiff for the amount sued upon and dismissed the reconventional demand. Defendant appealed.
The record points out that Billy B. Garner, doing business as Garner Auto Supply sued Marshall Hopper for Three Hundred Ninety-nine and °%oo ($399.05) Dollars the balance due on an open account for gasoline, auto supplies and other items purchased. The defendant answered the petition admitting the amount due, but alleged that the plaintiff had in his possession an automobile motor belonging to the defendant, which was worth Two Hundred and No/100 ($200.00) Dollars. He claims that through compensation, he should be given credit for the Twoi Hundred and No/100 ($200.00) Dollars as against the amount sued for. The defendant also reconvened asking for damages for the wrongful conversion of the motor.
There is no dispute that the defendant had one George Dreher help him remove a burnt motor, which is the motor that is the subject of this law suit, from a truck and replace it with another. Dreher also helped him replace a motor in another vehicle. The defendant claims that he left the burnt motor with Dreher for safe keeping, and that he paid Dreher for the work in helping replace the two motors. Dreher claims that the burnt motor was junked, and he received it as part payment for the work done.
In turn Dreher sold the burnt motor to Garner for Eighteen and No/100 ($18.00) Dollars, who in turn sold it to a concern in Memphis, Tennessee, for Forty and No/100 ($40.00) Dollars, less freight. Garner testified that he knew the motor had come from the defendant’s truck, but was *684 of the understanding that it belonged to Dreher. Dreher in his testimony confirmed this.
The Trial Judge listened to all the testimony and at one point said to the defendant:
“You sit here and tell me Mr. Garner, with the reputation he has bought in effect a stolen block knowingly. I don’t believe a word of it.”
We cannot find that the Trial Judge made any error. Certainly there is nothing in this record to prove that the plaintiff knew anything other than he was buying a motor from Dreher, who owned it.
Therefore, for the above and foregoing reasons the judgment of the Trial Court has been affirmed. All costs of this appeal are to be paid by defendant-appellant.
Judgment affirmed.